Case 3:13-cv-04108-BF Document 13 Filed 05/16/14 Page 1 of 5 PageID 46

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 16 2014
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM NOURSE, §
§
Plaintiff, §
§
v. § No. 3:13-cv-4108-BF
§
BRIAN CAFFEY and KENDRA CAFFEY, §
d/b/a VICTORY GRAPHICS, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

Defendants Brian Caffey and Kendra Caffey d/b/a Victory Graphics have filed a joint Rule 12(b)(6) motion to dismiss this civil action brought by Plaintiff William Nourse for alleged unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). As grounds for their motion, Defendants contend that Plaintiff has failed to plead sufficient facts to state a claim on which relief can be granted. The issues have been briefed by the parties, and the motion is ripe for determination.

To survive Defendants' Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 550. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. The Court will accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish facial plausibility. *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Defendants argue that Plaintiff's complaint fails to allege facts that show coverage under the FLSA. Def. Mot. at 1, ¶ 1. FLSA coverage must be alleged because it is an element of Plaintiff's claim. *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011) (citing *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)). To establish FLSA coverage, Plaintiff must demonstrate that he was either (1) engaged in the production of goods for commerce ("individual coverage") or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). "Commerce" under the FLSA refers to interstate commerce. 29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"); *see also Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (work that is purely local in nature does not meet the FLSA's requirements). For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) [.]

29 U.S.C. § 203(s)(1). For purposes of establishing individual coverage, the Fifth Circuit has adopted a "practical test," which asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio*, 474 F.3d at 829. Either individual or enterprise coverage is sufficient to invoke FLSA protection. *Martin*, 955 F.2d at 1032.

Here, the Court finds that Plaintiff's complaint does not sufficiently allege facts demonstrating FLSA coverage. Plaintiff alleges that he worked for Defendants "designing and installing vinyl wraps for vehicles and commercial displays," *see* Pl. Compl. at 1, ¶ 2, but does not provide any facts showing how his work engaged him in interstate commerce. Instead, he relies on the mere assertions that (1) "Defendants were engaged in interstate commerce," and (2) he was "individually engaged in interstate commerce and the handling and manufacturing of goods traveling in interstate commerce (*e.g.*, vinyl wraps for automobiles)." *See* Pl. Compl. at 2, ¶ 4. These allegations wholly fail to provide any factual context for the basis of his claims. Significantly, Plaintiff's allegations fail to demonstrate that he has handled goods that traveled in interstate commerce. Plaintiff's conclusory assertions are nothing more than formulaic recitations of the elements of an FLSA cause of action. In the absence of any specific facts to support these conclusory allegations, Plaintiff has failed to sufficiently plead coverage under the FLSA. *See*

*Wilson v. K & K Best Care Ambulance Servs., Inc.*, No. 4:13-CV-2509, 2014 WL 1761227 (S.D. Tex. Apr. 28, 2014) (granting 12(b)(6) motion to dismiss in the face of similar conclusory allegations related to coverage); *Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D-BH, 2011 WL 7415414, at *4 (N.D. Tex. Dec. 7, 2011) (same); *Morrow*, 2011 WL 5599051, at *2 (same).

In his response, Plaintiff elaborates on his allegations and explains that his work involved "design[ing] graphics for the signs and displays on the computer, print[ing] them out on large printers, and cut[ting] and apply[ing] them to the vehicles or structures for the commercial displays." Pl. Resp. at 2, ¶ 6. He also allegedly performed miscellaneous duties such as answering telephones and "some sales." *Id.* Plaintiff contends that the interstate commerce requirement is satisfied because the vinyl wraps constitute "goods" that were applied to commercial automobiles and installed in trade shows and conventions. *Id.* at 4, ¶ 15. Even assuming these meager facts bear on the issue of whether Plaintiff's work was "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity,"[1] the Court cannot consider them for the purposes of ruling on Defendants' motion to dismiss. The Court is limited to the actual contents of the pleadings and the documents either attached or incorporated by reference into a complaint. *See Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000); *see also Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (refusing to treat as allegations incorporated into complaint statements that appeared in plaintiffs' response to motion to dismiss for failure to state claim but were not in complaint). The allegations in Plaintiff's complaint fail to state a claim upon which relief can be

---

[1] Plaintiff does not specifically aver that the vehicles to which the vinyl wraps were applied regularly engaged in interstate commerce.

granted.

Although Defendants are entitled to dismissal, the Court will allow Plaintiff to file an amended complaint. "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because it is not clear that the identified defects are incurable, Plaintiff is granted leave to file an amended complaint. *See United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (noting leave to amend should be freely given and an outright refusal to grant leave to amend without a justification is considered an abuse of discretion).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is GRANTED. However, Plaintiff may file an amended complaint sufficient to cure the identified deficiencies within 20 days of this Memorandum Opinion and Order. If Plaintiff amends, Defendants shall file a timely responsive pleading. Otherwise, this case will be dismissed without prejudice.

SO ORDERED, May 16, 2014

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE